**GENERAL MOTORS ACCEPTANCE COR-PORATION, Appellant,**

v.

**Ileen HODGE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1972.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellant.

John S. Turner, Winchester, Alex F. Talbott, Louisville, for appellees.

OSBORNE, Justice.

This appeal is from a claim and delivery proceeding instituted in the Clark Circuit Court by General Motors Acceptance Corporation against Ileen Hodge.

Ileen Hodge purchased a 1968 Oldsmobile automobile on February 26, 1969, from Gerald Rogers in Clark County, Kentucky. The registration receipt held by Gerald Rogers at the time of the sale bore no notice of any lien upon the automobile. Ileen Hodge had not notice in fact of any lien upon the automobile. The history of the automobile in question is as follows:

On August 21, 1968, a General Motors dealer sold the automobile to James Allen Jones in Jefferson County, Kentucky. At that time GMAC filed with the Jefferson County Court Clerk's office a Financing Statement and Security Agreement as required by KRS 355.9–302. The lien thus created was duly noted on the registration receipt issued to the new owner. Jones again licensed the vehicle on January 9, 1969, and, on this occasion, the clerk failed to note the lien on the registration receipt. On January 13, 1969, Jones transferred it to Sammy K. Pottinger and, again, the clerk omitted to note the lien on the registration receipt. Pottinger transferred it to Gerald Rogers on January 21, 1969, and on this occasion no lien was noted on the registration receipt. The question now squarely presented to the court is: Did the failure of the clerk to place the lien on the registration receipt as required by KRS 186.045 render the lien unenforceable as against a purchaser without notice? We believe it did.

This problem is presented to us out of a somewhat confusing history in this jurisdiction. At the time Chapter 355 (Uniform Commercial Code) was adopted, there existed a considerable body of statutory law relating to liens upon motor vehicles. KRS 382.270 required acknowledgement of financing statements. KRS 382.-330 required the maturity date to be shown on the statements. KRS 382.675 required a motor vehicle and a dealer's inventory to be registered, viz., licensed under the provisions of KRS Chapter 186. KRS 186.195 required the owner of a motor vehicle to deliver a copy of the registration receipt to the secured party within ten days after the execution of a lien thereon. The secured party, in turn, delivered the receipt to the county clerk, who placed it on record.

In 1961, this court was faced with the question of whether failure to comply with certain of these statutes affected a lien created when the Financing and Security Interest Statement was properly filed as required by the applicable provisions of the

Uniform Commerical Code. This court held that the code was plenary and exclusive in its provisions and other provisions of the statute were not controlling as to the creation or existence of a lien. However, the language in which the court adopts this rule provides "except where the legislature has clearly indicated otherwise." See Lincoln Bank & Trust Company v. Queenan, Ky., 344 S.W.2d 383. Following our opinion in the Lincoln Bank case, in 1964 the legislature repealed the statutes there involved and enacted KRS 186.045 titled, "Financing statement affecting vehicle, filing—Time—Fees—Notations showing security interest.—" Insofar as the case before us is concerned this Act provides for the filing of Financing Statements in the county clerk's office and directs the clerk to note upon the registration or transfer receipt the fact of the filing. The Act further provides "once a security interest has been noted on the owner's copies of a registration or transfer receipt, no subsequent registration or transfer receipt may be issued by any county clerk free of such notation . . . ." The Act provides criminal penalties for any violation.

Literature available upon the subject indicates that it was the intent and purpose of the legislature at this time to permit the transfer of automobiles with complete reliance upon the registration receipt as to any lien thereon. However, doubt has been expressed as to whether the Act actually accomplished this purpose. See 54 KLJ 85, The Crazy Quilt of Commercial law: A Study in Legislative Patchwork. The author summarizes the problem presented by the legislative amendment as follows:

"The 1964 amendment is apparently intended to obviate the untoward effects of the Lincoln Bank case.

Unfortunately, its success in this regard is doubtful. In the first place, subsection three of the 1964 amendment provides that a secured party must pay a penalty of two dollars for late presentation of the required receipt. Nothing is said about loss of the security interest.

In the second place, a section of our Code not considered in the Lincoln Bank case makes the mere presentation of a financing statement to the clerk and a tender of the filing fee a sufficient filing for perfection of security interests. Therefore, it is not safe to assume that the 1964 amendment has succeeded in overruling the Lincoln Bank case or in assuring subsequent creditors that they can rely on the registration receipt."

It would appear that the author of the article is correct in that the Act does not make it absolutely clear that the lien remains effective if it is not noted on the registration receipt as against a purchaser without notice. We are, therefore, squarely faced with the question of whom should the law protect—the purchaser without notice or the lien holder, when the Act requires the clerk to place the notice of the lien on the registration receipt and does not provide for the legal consequences when he fails to do so? Our research upon this point has revealed conflicting decisions among the several states. However, there is a general statement of the law which we are constrained to follow. See 7 Am.Jur. 2d, Automobiles and Highway Traffic (Failure to note liens upon certificate of title), p. 631, § 46, wherein the matter is stated as follows:

"Where statutory provision is made for the notation of liens on motor vehicles on the certificate of title, the failure to comply with such provision generally renders the liens unenforceable as against third persons without actual knowledge thereof. In some jurisdictions the recordation of the lien, without the notation, at the same time, of its existence on the certificate of title, is deemed not to convey notice to a third person, and the lien is not enforceable against a purchaser or encumbrancer without notice thereof. It has been held in this respect that where the lien of a chattel mortgagee of a motor vehicle is not noted on the certificate of title, a repairman performing work on the vehicle at the instance of the mortgagor is enti-

tled to priority over the lien of the chattel mortgagee."

Considering the history of this question in Kentucky, we are of the opinion that KRS 186.045 was intended to accomplish the result we reach here.

In addition to the issue decided by this opinion there was also before the trial court an amended complaint by GMAC, asserting a claim against James Hallahan, the clerk of the Jefferson County Court, to recover the value of the property lost by his negligence in failing to note the lien upon the registration receipt. The trial court dismissed this action citing lack of proper venue as required by KRS 452.-405(2). We believe this ruling was also proper.

The judgment is affirmed.

EDWARD P. HILL, MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.