**In the Matter of MAY LEE INDUS-TRIES, INC., Debtor.**

**No. 74 B 166.**

United States District Court,
S. D. New York.

July 19, 1974.

David C. Buxbaum, New York City,
for appellant.

John F. Triggs, New York City (Rob-
ert M. McCulloch, Jr., J. Rush Barnes,

1

Hawkins, Delafield & Wood, New York City, of counsel), for appellee Chartered Bank.

William M. Silverman, for appellee Chemical Bank.

ROBERT J. WARD, District Judge.

This is an expedited appeal by May Lee Industries, Inc. ("May Lee" or "the debtor"), the debtor-in-possession under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq., from a determination of Bankruptcy Judge John J. Galgay that the Chartered Bank ("Chartered") and Chemical Bank ("Chemical") (together "the banks") have valid perfected security interests in assets of the debtor. For the reasons hereinafter stated, the order of the Bankruptcy Court is affirmed.

On February 11, 1974, May Lee filed a voluntary petition in bankruptcy under Chapter XI. Thereafter by Orders to Show Cause dated March 14 and March 27, 1974, respectively, Chartered and Chemical petitioned the Court for reclamation of property in the possession of May Lee in which Chartered and Chemical claimed to have valid perfected security interests. The debtor opposed both applications, and trials on the merits were held on April 9 and 19, 1974.

In an opinion dated May 20, 1974, Judge Galgay found that Chartered "has a perfected valid security lien on all collateral which was the subject of a series of trust receipts described in Exhibit A attached to its Order to Show Cause dated March 14, 1974 and is entitled to the return of such goods and other collateral which is the subject of the trust receipts" (Opinion, p. 7), and that Chemical "has a perfected valid security lien on all collateral which was the subject of its security agreement and is entitled to obtain its collateral" (Opinion, p. 12).

The debtor moved for a rehearing on May 30, 1974, prior to entry of an order by the Bankruptcy Court. Following a rehearing held on June 7, 1974, Judge Galgay filed a supplemental opinion dated June 10, 1974, in which he again found in favor of the banks. On June 14, 1974, he entered an order consistent with his opinion and supplemental opinion. Upon the application of the debtor, Judge Galgay signed an order on June 20, 1974, enjoining the banks from enforcing the order of June 14, 1974, pending the hearing of this appeal. This stay, as modified by this Court, remains in effect.

The debtor primarily presents the following contentions, all of which were raised before the Bankruptcy Court: (1) that Chartered did not perfect its security interest by properly filing a financing statement at the City Register's Office in New York County prior to the debtor's filing its Chapter XI petition, (2) that the trust receipts which constitute the alleged security agreements between Chartered and May Lee do not contain a sufficiently detailed description of the collateral, (3) that the security agreement with Chemical does not contain a sufficient description of the collateral, (4) that there was no valid security agreement with Chemical since there was no meeting of the minds, no consideration flowing from Chemical, the agreement was obtained by threats of economic duress, and was unconscionable, and (5) both Chartered's and Chemical's financing statements contain inadequate descriptions of collateral.

Rule 810 of the Rules of Bankruptcy Procedure provides, *inter alia,* that upon an appeal the district court

> shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge of the credibility of the witnesses.

 The Court below, after a trial, found that Chartered had filed its financing statement with the Secretary of State in Albany, New York, and at the Register's Office in the County of New York on December 4, 1972. This Court, after reviewing the record, is of the opinion that Judge Galgay's finding that Chartered filed its financing statement at the Register's Office on Decem-

ber 4, 1972 is not clearly erroneous. The date stamp and filing number on the financing statement are *prima facie* evidence of filing on that date; the only evidence offered in rebuttal is that later it temporarily could not be found.

New York Uniform Commercial Code (hereinafter "U.C.C.") § 9–403(1) (McKinney's Consol.Laws, c. 38, 1964) provides:

> Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this Article.

Under this subsection,

> the secured party does not bear the risk that the filing officer will not properly perform his duties: under [this] Section the secured party has complied with the filing requirements when he presents his financing statement for filing and the filing fee has been tendered or the statement accepted by the filing officer.

Official Comment to U.C.C. § 9–407; *accord,* In Re Royal Electrotype Corporation, 485 F.2d 394 (3d Cir. 1973).

Moreover, the rule of this subsection

> is directly in *accord* with present New York law. Matter of Labb, 42 F. Supp. 542 (W.D.N.Y.1941); Personal Property Law, § 58—e(4); Lien Law § 230—c. [The law prior to adoption of the U.C.C.]

New York Annotation to U.C.C. § 9–403.

■ Thus, the debtor's contention that the secured party, *i.e.,* Chartered, had the duty to insure proper filing and indexing is without merit. The cases cited by the debtor in support of its position are inapposite inasmuch as the financing statements in those cases were illegible, confusing, or erroneous whereas in the instant case there is nothing improper on the face of the financing statement.

In In re Royal Electrotype Corporation, *supra,* the Court of Appeals for the Third Circuit, relying on U.C.C. § 9–403(1), held that the allegedly secured party had a perfected security interest as against a trustee in bankruptcy where the filing officer erred in indexing the agreement in its records and showed the secured party as the debtor and the bankrupt as the creditor even though this erroneous information was also listed on the receipt given the appellant at the time of filing.

With regard to the adequacy of the description of the collateral in the Chartered security agreements (the trust receipts), the debtor's argument that the Bankruptcy Judge failed to deal with this issue is incorrect. In fact, Judge Galgay found that

> [t]he security agreements each give a general description of the goods representing the collateral and refer to an attached invoice. The invoices are quite specific in describing the Collateral. The Security agreements satisfy the Statutory requirement and are valid.

Supplemental Opinion, p. 3.

■ This Court, after examining the security agreements, concludes that the Bankruptcy Judge's finding that the description of collateral is sufficient to make possible the identification of the thing described is not clearly erroneous. His finding that the invoices were part of the security agreements is supported by the record and cannot be said to be clearly erroneous despite conflicting testimony on that issue. Moreover, the Court has considered the debtor's other contentions regarding the insufficiency of the security agreements and concludes that Judge Galgay's remaining findings were not clearly erroneous and that his conclusions of law were correct.

■ The Court affirms the Bankruptcy Judge's finding and conclusion that Chemical has a valid, binding security agreement which sufficiently identifies the collateral, for which Chemical gave consideration and which was not unconscionable. This Court is in agreement with the Court below that the fact that Chemical did not initial changes made by the debtor in the proposed secu-

**4**

rity agreement presented to it is of no consequence inasmuch as the Chemical officer signed the agreement after the debtor had made the changes and initialed them.

The Court considers the debtor's remaining contentions to be without merit. Accordingly, the order of the Bankruptcy Court that Chartered and Chemical have valid perfected security interests in assets of the debtor is affirmed and the stay previously entered is vacated.

It is so ordered.