**In the Matter of GEORGIA STEEL, INC., Debtor.**

**CITIZENS AND SOUTHERN NATIONAL BANK, Plaintiff,**

v.

**GEORGIA STEEL, INC., Defendant.**

**Bankruptcy No. 81–50966.**
**Adv. No. 82–5068.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Dec. 29, 1982.

Ed S. Sell III, Robert O. House, Sell & Melton, Macon, Richard Neal Batson, Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

Jerome L. Kaplan, Ward Stone, Jr., Kaplan & Thomason, P.A., Macon, Ga., for defendant.

William M. Flatau, Brown, Katz, Flatau & Hasty, Macon, Ga., for examiner.

Claude W. Hicks, Jr., Macon, Ga., for creditors' committee.

**MEMORANDUM OPINION ON COMPLAINT SEEKING RELIEF FROM STAY OF PROCEEDINGS**

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

On September 3, 1981, Defendant Georgia Steel, Inc. filed its petition with this Court under Chapter 11 of Title 11 of the United States Code. On March 9, 1982, Plaintiff Citizens and Southern National Bank filed its Complaint Seeking Relief from Stay of

---

Proceedings, which requested authority to exercise its private power of sale to foreclosure on certain property of Defendant.

In its complaint, Plaintiff asserted that it should be granted relief from the automatic stay of the Bankruptcy Code because Defendant had no equity in the property in which Plaintiff claimed a security interest and because the property was not necessary for Defendant's effective reorganization. Plaintiff also asserted that its interest in the property was not adequately protected and that Plaintiff would be irreparably harmed unless it were allowed to foreclose its security interest in the property.

Defendant ceased its business operations on July 2, 1982, and on October 29, 1982, this Court entered an order converting Defendant's Chapter 11 case to a case under Chapter 7, the liquidation chapter of the Bankruptcy Code. The cessation of Defendant's business and the conversion of Defendant's case to Chapter 7 have mooted several of the issues in this adversary proceeding. The parties are in agreement and have stipulated that the one remaining issue which the Court should decide is whether Plaintiff has a perfected security interest in Defendant's motor cranes.[1]

After reviewing the evidence and considering the arguments of counsel, the Court is of the opinion that Plaintiff does not have a properly perfected security interest in Defendant's motor cranes. In support of its opinion, the Court publishes the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff contends that it has a properly perfected security interest in Defendant's motor cranes. Defendant disputes that contention, asserting that Plaintiff has not properly noted its security interest on the certificate of title to each motor crane and that therefore Plaintiff does not hold a perfected security interest in any of the motor cranes. It is undisputed that Plaintiff's security interest is not noted on the certificates of title to Defendant's motor cranes.

The Georgia Code provides that:

(a) Except as provided in Code section 109A-9—103, relating to accounts, contract rights, general intangibles and equipment governed by the laws of another jurisdiction and incoming goods already subject to a security interest, as now or hereafter amended, the security interest in a vehicle of the type for which a certificate of title is required shall be perfected and shall be valid against subsequent creditors of the owner, subsequent transferees and the holders of security interests and liens on the vehicle by compliance with the provisions of this Chapter.

(b) *A security interest is perfected by delivery to the commissioner of the existing certificate of title, if any, and an application for a certificate of title containing the name and address of the holder of a security interest,* the date of his security interest and the required fee. It is perfected as of the time of its creation if the delivery is completed within 20 days thereafter; otherwise, as of the date of the delivery to the commissioner. When the security interest is perfected as provided in this subsection (b), it shall constitute notice to everybody of the security interest of the holder.

Ga.Code Ann. § 68–421a(a), (b) (Harrison Supp.1981), *now codified at* O.C.G.A. § 40–3–50 (Michie 1982) (emphasis added). Therefore, if a certificate of title is required for Defendant's motor cranes, the security interest of Plaintiff would not be properly perfected unless it were noted on the certif-

---

1. The parties have used the terms "motor crane" and "mobile crane" to designate the personal property at issue in this adversary proceeding. For clarity, the Court in this opinion will refer to the personal property as "motor cranes." A determination of whether Plain- tiff holds a properly perfected security interest in the motor cranes will determine whether Plaintiff or the Trustee of Defendant's Chapter 7 case has the superior claim to the motor cranes.

icate of title by the commissioner.[2] The question thus becomes whether certificates of title are required for Defendant's motor cranes. If certificates of title are required, then Plaintiff's security interest is not properly perfected because there is no notation of Plaintiff's security interest on the certificates of title to the motor cranes.

Georgia law requires that all motor vehicles, with certain narrow exceptions not applicable in this adversary proceeding, be registered.[3] The law further requires that vehicles that are required to be registered have certificates of title.[4] There are, however, certain exceptions to the requirement that all registered vehicles have certificates of title. One of the exceptions to the requirement is that no certificate of title need be obtained for "special mobile equipment." [5] Plaintiff asserts that Defendant's motor cranes are "special mobile equipment" and that they therefore do not require certificates of title.

"Special mobile equipment" is defined by the Georgia Code as:

[A] vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway, including but not limited to: ditchdigging apparatus, well-boring apparatus, and road construction and maintenance machinery such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, levelling graders, finishing machines, motor graders, road rollers, scarifiers, earth-moving carryalls and scrapers, power shovels and drag lines, and self-propelled cranes and earth-moving equipment. The term does not include house trailers, dump trucks, *truck mounted transit mixers, cranes, or shovels,* or other vehicles designed for the transportation of persons or property to which machinery has been attached.

Ga.Code Ann. § 68–402a(1) (Harrison Supp. 1981), *now codified* O.C.G.A. § 40–1–1(54) (Michie 1982) (emphasis added). The Court is of the opinion that Defendant's motor cranes are *not* special mobile equipment and that they therefore require certificates of title under Georgia law.

The Court reaches this conclusion by comparing Defendant's motor cranes with the definition of special mobile equipment. Defendant's motor cranes have the crane itself mounted on a large truck. The crane has its own engine which is completely separate from the truck's engine. Also, the truck and the crane are operated from separate cabs. The truck is operated from a cab at the front of the truck, while the cab from which the crane is operated is actually a part of the crane and is not a material part of the truck's body. In fact, the crane could be removed from the truck without the truck losing its identity. Defendant's trucks are capable of travelling at speeds up to fifty miles per hour and have been driven as far as South Carolina. The evidence is that the motor cranes regularly operate on roads as they move about to various job sites. Defendant's motor cranes are simply large trucks with cranes mounted on them.

In contrast, the definition of special mobile equipment contemplates large, bulky equipment generally incapable of moving at rapid speeds, as for example, road scrapers or asphalt spreaders. Vehicles such as truck tractors and dump trucks are specifically excluded from the definition of special mobile equipment by the statute. The definition also specifically excludes "truck mounted transit mixers, cranes or shovels." Defendant's motor cranes are in fact trucks with cranes mounted on them.

The Court therefore finds that Defendant's motor cranes are not special mobile

---

**2.** The State Revenue Commissioner. Ga.Code Ann. § 68–402a(b) (Harrison Supp.1981), *now codified at* O.C.G.A. § 40–3–2(2) (Michie 1982).

**3.** Ga.Code Ann. § 68–201 (Harrison 1980), *now codified at* O.C.G.A. § 40–2–20 (Michie 1982).

**4.** Ga.Code Ann. § 68–406a (Harrison Supp. 1981), *now codified at* O.C.G.A. § 40–3–20 (Michie 1982).

**5.** Ga.Code Ann. § 68–404a(7) (Harrison Supp. 1981), *now codified at* O.C.G.A. § 40–3–4(7) (Michie 1982).

equipment and accordingly require certificates of title. The Court is aware that "self-propelled" cranes *are* included in the definition of special mobile equipment. However, Defendant's motor cranes are not self-propelled. Rather, they are propelled by the separate motor of the truck.

The Court has been unable to find extensive case law in the State of Georgia interpreting the term special mobile equipment. However, the Court has considered the opinion of the attorney general of the State of Georgia in which a "log grapple loader" was found to require a certificate of title.[6] A log grapple loader is a truck body with a log loader mounted on it. It is driven on public highways as it is moved from one forest to another.

The log grapple loader and Defendant's motor cranes are similar in that each consists of a truck with a machine mounted on it. Each is used mainly to transport the machine. The Court is persuaded by the attorney general's opinion that log grapple loaders require certificates of title. In light of the evidence in this adversary proceeding and the opinion of the attorney general, the Court is of the opinion that Defendant's motor cranes are not special mobile equipment and accordingly require certificates of title. Therefore, a security interest in any of the motor cranes is not properly perfected unless it is noted on the motor crane's certificate of title. Plaintiff has not had its security interest noted on the certificates of title and thus has not properly perfected its security interest in Defendant's motor cranes. An order in accordance with this opinion is attached hereto.

**6.** 1973 Op.Att'y Gen. No. U73–82.