CHEMICAL BANK, Petitioner,

v.

William M. BARRON, Telewide Systems, Inc., and Bernard L. Schubert, Respondents.

No. 86 Civ. 1172 (RLC).

United States District Court, S.D. New York.

May 22, 1987.

Harold Weisblatt, New York City (Thomas J. O'Connor, of counsel), for petitioner.

Walter, Conston & Schurtman, P.C., New York City (William M. Barron, of counsel), for respondents.

OPINION

ROBERT L. CARTER, District Judge.

Chemical Bank ("the Bank") petitioned the court for judgment against William M.

Barron as Receiver for Telewide Systems, Inc. ("Telewide") and its president and sole shareholder, Bernard L. Schubert. According to the petition, the Bank is a secured creditor of Telewide and Schubert by virtue of a promissory note in the principal amount of $100,000, executed by Telewide and guaranteed in full by Schubert. Barron is counsel for Ostano Commerzanstalt and Dr. Herbert Jovy, who are judgment creditors of Telewide and Schubert based on the court's award of damages, in the approximate amount of $6,500,000. *Ostano Commerzanstalt v. Telewide Systems, Inc.*, 608 F.Supp. 1359 (S.D.N.Y.1985) (Carter, J.). The Court of Appeals for the Second Circuit affirmed the court's holding on liability, although it reversed and remanded on the issue of damages. 794 F.2d 763 (2d Cir.1986). The court's revised determination of damages remains *sub judice*.

The Bank now moves for judgment in its favor on the $100,000 obligation on the ground that its security interest takes priority over that of the judgment creditors.[1] Because the Bank's motion and Barron's opposition are being treated as, respectively, a motion and cross-motion for summary judgment,[2] the court will grant judgment only if no genuine issue of material fact exists to preclude entry of judgment on the law. Rule 56(c), F.R.Civ.P.; *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

The operative facts are straightforward and undisputed, centering around a race to the filing office of the New York Department of State ("the DOS"). When the race began, both parties had entered into security agreements with Telewide, through Schubert. On May 30, 1985, Barron obtained UCC–1 financing statements from Telewide and Schubert, which Barron had to file with the DOS in order to perfect his security interests. Dennis B. Auerbach, then a legal assistant at Barron's firm, proceeded that day to mail to the DOS a single envelope containing the two financing statements, two $3.00 checks for filing fees, a self-addressed return envelope, and a cover letter. The letter was received at the DOS and the financing statement for Schubert was time-stamped and filed at 9:00 a.m., June 3, 1985. For no apparent reason, the financing statement for Telewide was not stamped. Later that same day, at 4:13 p.m., the Bank's UCC–1 financing statement was stamped and filed with the DOS, in order to perfect the Bank's security interest under its agreement with Telewide.

On August 1, 1985, Jeff V. Nelson, then an associate at Barron's firm, received a mailing from the DOS containing a UCC–1 financing statement which had been presented to the DOS in a wholly unrelated matter. Enclosed was a notice stating that the DOS was rejecting the unrelated financing statement because the form did not include a schedule of covered assets. Also enclosed was Barron's unfiled Telewide financing statement. However, no notice concerning rejection of the Telewide statement was enclosed, and no reference was made to the statement in the other enclosures. On August 2, 1985, the Telewide statement was mailed to the DOS for the second time. An accompanying cover letter set forth Nelson's understanding, based on his telephone conversation with a clerk at the DOS, that no additional filing fee would be required even though the check mailed on May 30, 1985, apparently

---

1. The Bank's petition and notice of motion seek an order pursuant to Rule 7(b), F.R.Civ.P. The court is aware of no authority for issuing an order under Rule 7(b). That rule merely sets forth formal requirements applicable generally to motions and other papers.

The parties submitted affidavits and other materials outside the pleadings, as well as the pleadings themselves, in support of and in opposition to the Bank's motion. The court accordingly notified the parties by letter, dated March 17, 1987, that it would treat the motion and its opposition as, respectively, a motion and cross-motion for summary judgment pursuant to Rule 56, F.R.Civ.P. *Cf.* Rule 12(c), F.R.Civ.P. The parties were given one month to file such additional materials as they believed pertinent, including the statements required under Local Civil Rule 3(g), as well as any objections to this procedure. In response, both parties stated that they have no such objections.

2. *See* note 1 *supra.*

had been lost. The Telewide statement was stamped and filed at the DOS at 9:00 a.m., August 5, 1985.

The order of filing of the various financing statements is critical to the parties' claims, inasmuch as it determines their priority. N.Y.U.C.C. § 9–312(5)(a). The parties agree that Barron's financing statement for Schubert and the Bank's financing statement were filed at the moment each was stamped. The remaining issue is when Barron's financing statement for Telewide was "filed" for purposes of priority. Barron contends that presentation of the financing statement and filing fee to the DOS at 9:00 a.m., June 3, 1985, operated as a filing. The Bank responds that Barron has not met his burden of establishing compliance with the requirements for proper presentation of the financing statement. According to the Bank, the Telewide statement cannot be deemed to have been filed until it was stamped on August 5, 1985.

As Barron suggests, presentation of a financing statement, with tender of the proper fee, is the legal equivalent of filing. N.Y.U.C.C. § 9–403(1);[3] *see In re May Lee Industries, Inc.,* 380 F.Supp. 1, 3 (S.D. N.Y.) (Ward, J.), *aff'd,* 501 F.2d 1407 (2d Cir.1974) (per curiam). Moreover, it is undisputed that the DOS received two financing statements and two filing fees at or before 9:00 a.m., June 3, 1985. The parties do not so readily agree, however, on whether the Telewide statement was rejected for some legitimate reason or as a result of a clerical error.

Were there any indication that the Telewide statement was improper as to form when it was first presented to the DOS, the matter might best await trial for resolution. All indications, however, are to the contrary. The Bank has not pointed out any defect in the Telewide statement and none appears on the face of it. More to the point, the DOS determined that the Telewide statement was in proper form on August 5, 1985, when it accepted the state-

ment as originally presented on June 3, 1985. The selfsameness of the Telewide statement on June 3 and August 5 is plain from a comparison of the statement as photocopied (1) before Auerbach mailed it on May 30, 1985, and (2) after the DOS accepted it on August 5, 1985. *See* Petition, Exh. 3, at 3–4. That the financing statement was not altered or replaced is also attested to in Nelson's letter to the DOS, mailed on August 2, 1985. *See* Affidavit of William M. Barron, July 31, 1986, Exh. B.

This showing would no doubt be persuasive enough even to overcome a presumption that the actions of the DOS are error-free. Contrary to the Bank's urging, however, no such presumption applies. It is true that public officers are trusted and presumed to have done their duties faithfully. *Kelcon Construction Corp. v. Marvin,* 53 Misc.2d 194, 278 N.Y.S.2d 117, 122 (N.Y. City Civil Ct. 1967). Yet a secured creditor is entitled no less than anyone else to rely on that presumption: Under Section 9–403(1) "the secured party does not bear the risk that the filing officer will not properly perform his duties." *In re May Lee Industries, Inc., supra,* 380 F.Supp. at 3 (quoting N.Y.U.C.C. § 9–407, Official Comment 1); *accord In re Bufkin Bros.,* 757 F.2d 1573, 1578 (5th Cir.1985).

When, as in this case, a secured party has attempted to file first, and the validity of his would-be filing is challenged only by conjecture, he has done all that is required of him. The priority of his effort provides the priority of his claim. *See In re Mutual Board & Packaging Corp.,* 342 F.2d 294, 297–98 (2d Cir.1965).

At best, the Bank's motion merely raises "some metaphysical doubt" about whether Barron initially met the requirements for filing of the Telewide financing statement. *Argus Inc. v. Eastman Kodak Co.,* 801 F.2d 38, 42 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). Such speculation is insufficient to defeat summary judgment in Barron's fa-

**3.** The subsection provides:
   Presentation for filing of a financing statement and tender of the filing fee or accept-

ance of the statement by the filing officer constitutes filing under this Article.
N.Y.U.C.C. § 9–403(1).

vor. *Id.* Thus, the Bank's motion, treated as a motion for summary judgment, is denied; and Barron's opposition to the motion, treated as a cross-motion for summary judgment, is granted.

IT IS SO ORDERED.