■ WHITE STAR DISTRIBUTORS, INC., Appellant, v ROY KENNEDY, Respondent.—Judgment unanimously affirmed, with costs. Memorandum: Appellant commenced this action to recover possession of a 1969 Winnebago motor home alleging that respondent purchased it subject to appellant's security interest in the vehicle. In January, 1974 appellant sold the Winnebago to William Scheuerle who made a cash down payment and signed a retail installment contract which provided for monthly payments of the balance. According to the terms of the contract appellant retained a security interest in the Winnebago and was authorized to file a financing statement. Sometime thereafter appellant assigned the contract to Manufacturers & Traders Trust Company without, however, filing a financing statement. In August Scheuerle transferred title to the vehicle to one Jan Jerge. Manufacturers & Traders Trust Company then filed a financing statement. The Winnebago was later sold by Jerge to John Hinchey and then, finally, by Hinchey to the respondent. When Scheuerle defaulted in his monthly payments on the retail installment contract to the Manufacturers & Traders Trust Company, the retail installment contract was reassigned to appellant. A valid financing statement properly filed perfects a security interest in a motor vehicle (Uniform Commercial Code, § 9-302, subd [1], par [d]). Until that time a "buyer not in ordinary course of business to the extent he gives value and receives delivery of the collateral without knowledge of the security interest" takes free of the security interest (Uniform Commercial Code, § 9-301, subd [1], par [c]). The code requires that a financing statement include the name and address of the debtor (Uniform Commercial Code § 9-402, subd [1]). As used in this context the term "debtor" is defined to include both the owner of the collateral and the obligor on the financing agreement when the owner and the obligor are not the same person (Uniform Commercial Code, § 9-105, subd [1], par [d]; 4 Anderson Uniform Commercial Code [2d ed], § 9-402.20). Even though Manufacturers & Traders Company was aware that title to the Winnebago had been transferred to Jerge, it nonetheless, listed only Scheuerle on the financing statement. The financing statement thus failed properly to identify the debtor and was, therefore, insufficient to perfect the security interest. Since respondent purchased the Winnebago out of the ordinary course of business and without knowledge of the unperfected security interest, his ownership was free of the security interest. (Appeal from judgment of Erie Supreme Court—replevin.) Present —Marsh, P. J., Cardamone, Dillon, Schnepp and Witmer, JJ.