**In re ATLAS TECHNOLOGIES, INC., Debtor.**

**No. CV 87–2991.**

United States District Court, E.D. New York.

Oct. 7, 1987.

Joseph H. Levie, Rogers & Wells, New York City, for appellant.

Alan N. Resnick, Berkman, Henoch, Peterson, Kadin & Peddy, Garden City, N.Y., for appellee.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

Citicorp Industrial Credit, Inc. ("Citicorp") appeals from an order of Bankruptcy Judge Robert J. Hall filed August 14, 1987, granting the application of debtor in possession Atlas Technologies, Inc. ("Atlas") to use cash collateral consisting of accounts receivable and their proceeds in the ordinary course of Atlas's business ("the August 14th order"). Citicorp, a creditor of Atlas claiming a perfected security interest in substantially all of Atlas's assets including the accounts receivable that were the subject of the August 14th order, also appeals from the Bankruptcy Judge's denial of Citicorp's motion for rear-

gument and vacatur or clarification of the August 14th order. For the reasons set forth below, the August 14th order is reversed and the case remanded for consideration of whether Atlas can provide Citicorp adequate protection of its security interest if Atlas is allowed to use the cash collateral.

*Background*

On July 15, 1987, Atlas filed a voluntary petition under Chapter XI of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174, and has continued since then to operate its business as debtor in possession under §§ 1107 and 1108. According to its petition, Atlas, a manufacturer of non-current carrying electrical fittings, maintains facilities in both Scranton, Pennsylvania and East Farmingdale, Suffolk County, New York. (R. 1, Cavanaugh Affidavit ¶ 9)[1] Atlas claims and the Bankruptcy Judge found that since 1985, Atlas's chief executive office has been in East Farmingdale.[2] (R. 16 at 3; R. 27 at 15)

In 1979 Atlas and Citicorp entered into a Loan Agreement under which Citicorp extended a loan to Atlas and provided a revolving credit facility and Atlas granted Citicorp a security interest in certain real estate and all its receivables, inventory in Scranton, machinery, equipment, and proceeds thereof.[3] (R. 6, Ex. A at 16–17) In its voluntary petition, Atlas estimated the amount of its debt to Citicorp outstanding to be $1,310,214.29. (R. 1, Schedule 1 to Cavanaugh Affidavit at 4)

Citicorp maintains that it perfected its security interest in Atlas's assets by filing financing statements in 1979 and later continuation statements with the proper authorities in Pennsylvania. (R. 6 at 3–4) Citicorp also maintains that in 1985 Citicorp learned that Atlas was selling its inventory under the name "EFCOR Family of Companies," a term apparently referring to four companies, including Atlas and EFCOR, Inc., under common ownership. (R. 6 at 5–6, Citicorp Br. at 11) Citicorp claims that this inventory was often stored and sold at EFCOR facilities in East Farmingdale, New York. (Citicorp Br. at 11)

To perfect its security interest in such inventory and the accounts receivable generated by the sale of the inventory, Citicorp filed financing statements with the New York Secretary of State and the Suffolk County Clerk. (R. 6 at 4) Atlas does not dispute that Citicorp presented the financing statements for filing to the appropriate New York officials. Atlas, however, maintains that the financing statement was so misleading that the Suffolk County Clerk did not file it under Atlas's name. (Atlas Br. at 24)

The financing statement filed with the Suffolk County Clerk (R. 16, Ex. A) contains the following information in the box entitled "Debtor(s)":

EFCOR Family of Companies*

535 Electric Street

Scranton, PA 18509

---

*Atlas Technologies, Inc. Property Only

Over the signature line designated "Signature(s) of Debtor(s)" appear the typewritten words:

EFCOR FAMILY OF COMPANIES—Atlas Tech., Inc.

By ——————————————

followed by a signature which Citicorp maintains, and Atlas does not dispute, is that of Dov Grossman, president of both Atlas and EFCOR. (Citicorp Br. at 20; R. 27 at 3, 25, 29)

---

1. Citations to the Record filed on appeal in this action are in the form "R. [document number]." Citations to documents included in the Supplemental Designation of the Record on Appeal are in the form "Supp.R. [document number in the proceedings below.]" Citations to the parties' briefs filed in the appeal are in the form "Citicorp Br." or "Atlas Br."

2. Citicorp disputes this and maintains that Atlas's Scranton office may be the center of Atlas's executive operations. (Citicorp Br. at 21–22) A determination of the location of Atlas's chief executive office is not necessary for the Court's decision of this appeal.

3. Atlas has apparently not challenged the enforceability of the Loan Agreement (R. 9 ¶¶ 6, 7; R. 27 at 5) other than to dispute whether Citicorp perfected its security interest through the proper filings.

The box in the financing statement captioned "This Financing Statement covers the following types (or items) of property" contains the notation:

See Rider Attached

Collateral Located at:

123 Smith Street

East Farmingdale, New York

A rider attached to the financing statement provides:

RIDER ATTACHED TO AND FORMING PART OF UCC–1 FINANCING STATEMENT

between

EFCOR FAMILY OF COMPANIES

and

CITICORP INDUSTRIAL CREDIT, INC.

Atlas Technologies, Inc. places certain inventory in boxes designated "EFCOR Family of Companies" and EFCOR Family of Companies may from time to time issue invoices as agent for and on behalf of Atlas Technologies, Inc. Such inventory and accounts receivable continues at all time to be the property of Atlas Technologies, Inc. and EFCOR Family of Companies has no interest therein. EFCOR Family of Companies acts in connection therewith solely as agent for and as representative of Atlas Technologies, Inc.

*The Proceedings Below*

On July 23 and July 29, 1987, Atlas and Citicorp entered into stipulations authorizing Atlas to use for one week periods specified amounts of its accounts receivable which Citicorp claimed as collateral. (R. 2 & 3) To protect its security interest, Citicorp was provided a lien on post-petition assets of Atlas. The stipulations, "so ordered" by the Bankruptcy Judge, set dates for a hearing on Atlas's application under § 363 of the Bankruptcy Code to use Citicorp's cash collateral after the expiration of the stipulation. The second stipulation ultimately set August 6, 1987 as the hearing date.

On August 4, 1987, Citicorp submitted a cross application in the form of an order to show cause seeking relief from the automatic stay under § 362 of the Bankruptcy Code. (R. 4) Citicorp's Order to Show Cause was also returnable August 6, 1987. In support of its cross application and in opposition to Atlas's application to use cash collateral, Citicorp submitted an affidavit of Stephen Fischer, a Citicorp vice-president. (R. 6) Attached to the Fischer Affidavit were copies of the financing statements which Citicorp had filed with the New York Secretary of State and the Suffolk County Clerk. Atlas also submitted an affidavit of its president in support of its motion and in opposition to Citicorp's. (R. 9) The parties' motion papers primarily addressed the issue of adequate protection under §§ 362 and 363 of the Bankruptcy Code.

At the August 6 hearing, Atlas's counsel informed the Bankruptcy Judge that, when Atlas ordered a search of the filings in the Suffolk County Clerk's office, the search revealed no security filings in Atlas's name. (R. 27 at 16, 19) Atlas's counsel then argued that, "as a matter of law," Citicorp's interest in Atlas's accounts was not perfected because the financing statement did not sufficiently specify Atlas as the debtor so as to alert that clerk that the document should be indexed under Atlas's name. Atlas's counsel also maintained that the financing statement did not adequately list the debtor's address and the type of collateral. (R. 27 at 19–23) Citicorp maintained that the financing statement was sufficiently clear. (R. 27 at 24–25)

The Bankruptcy Judge granted Atlas's motion and ordered that it could use the accounts receivable in the ordinary course of business.[4] The following conclusions are designated "Findings of Fact" in the order docketed August 14, 1987:

4. Since 1985, Atlas' chief executive office has been located in the County of Suffolk, State of New York. Citicorp

---

4. Citicorp's motion to lift the automatic stay was adjourned until August 20, 1987 (R. 16 at 4), when it was again adjourned to a later date. (R. 34)

filed in the County Clerk's Office, County of Suffolk, State of New York, the UCC–1 Financing Statement annexed hereto as Exhibit A (the "EFCOR Financing Statement.").

5. Citicorp failed to establish that a search of the records in the County Clerk's Office, County of Suffolk, State of New York, against Atlas on August 5, 1987, would locate the EFCOR Financing Statement.

6. The EFCOR Financing Statement fails to properly identify Atlas as the debtor.

7. The EFCOR Financing Statement fails to properly list Atlas' mailing address as the address of the debtor.

8. The EFCOR Financing Statement fails to properly contain either a statement of the type or description of the collateral.

(R. 16 at 3) In addition, the August 14th order set forth these two "Conclusions of Law":

1. Citicorp failed to meet its burden of proof in accordance with Section 363(*o*) of the Code, regarding the validity, priority, or extent of its alleged security interest in Atlas' accounts.

2. Citicorp failed to prove that Atlas' accounts constitute Cash Collateral within the meaning of Section 363 of the Code, . . . .

(R. 16 at 3–4)

On August 20, 1987, the Bankruptcy Court denied Citicorp's motion for reargument and vacatur of the August 14th order[5] but granted Citicorp leave to submit a proposed amended order excluding from the cash collateral to be used by Atlas post-petition proceeds of pre-petition inventory. (R. 34 at 30–32, 93) In an order docketed August 28, 1987 (Supp.R. # 49), however, the Bankruptcy Judge refused to entertain Citicorp's application on the grounds that it had not settled its proposed amended order on Atlas.[6] Citicorp filed its notice of appeal from Judge Hall's August 14 order on August 20, 1987 (R. A), and an amended notice of appeal on September 15, 1987 (Supp.R. # 56).

*Standard of Review*

Jurisdiction to hear this appeal is based upon 28 U.S.C. § 158. Under Rule 8013 of the Rules of Bankruptcy Procedure, this Court may affirm, modify, reverse, or remand the decision of the Bankruptcy Judge. Rule 8013 provides in part:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

(as amended effective Aug. 1, 1987) 55 U.S. L.W. 4447 (Apr. 7, 1987).

In the instant case the relevant facts are uncontested. The parties do not dispute (and the Bankruptcy Judge found) that Citicorp filed a financing statement with the Suffolk County Clerk and the New York Secretary of State in May 1985. There is no dispute that these were the proper offices in which to file to perfect Citicorp's interest in Atlas's New York accounts receivable. Citicorp apparently concedes that the financing statement filed in the Suffolk County Clerk's office was not indexed under Atlas's name. The only issue in dispute, therefore, is whether Citicorp's presentation of the financing statement for filing was legally sufficient to perfect its security interest in Atlas's accounts.

It is not necessary for the Court to decide whether this determination is a question of law, a mixed question of fact and law, or a factual determination,[7] since the

---

**5.** Citicorp's motion in part was based on its contention that the financing statement was not misleading because the New York Secretary of State had indexed the same document under Atlas's name. (R. 31; R. 34 at 12–14)

**6.** Although it is not necessary for this decision to review the Bankruptcy Court's August 31, 1987 decision, Citicorp maintains, the Record indicates, and Atlas does not deny that, contrary

to Judge Hall's decision, Citicorp served the proposed amended order on Atlas. (Citicorp Br. at 9–10; R. C at 3; Supp.R. # 48)

**7.** Despite its argument on appeal that the "clearly erroneous" standard applies (Atlas Br. at 13–16), Atlas repeatedly urged the Bankruptcy Judge at the August 6, 1987 hearing that he could determine the validity of Citicorp's securi-

Court concludes that the Bankruptcy Judge's "findings" with respect to the legal sufficiency of the financing statement were clearly erroneous.

*The Sufficiency of Citicorp's Financing Statement*

Section 363(c)(2) of the Bankruptcy Code prohibits the bankruptcy trustee from using, selling, or leasing "cash collateral" [8] in the ordinary course of business unless "each entity that has an interest in such cash collateral consents" or "the court, after notice and a hearing, authorizes such use, sale, or lease...." Under § 363(e) an entity with an interest in property to be used, sold, or leased by the trustee may request that the court "prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

Section 363(*o*) provides:

(*o*) In any hearing under this section—
(1) the trustee has the burden of proof on the issue of adequate protection; and
(2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest.

In the instant case, the Bankruptcy Judge granted Atlas's application to use its New York accounts receivable in the ordinary course of business and held that Citicorp had failed to meet its burden of proof as to the validity, priority, or extent of its security interest in the accounts. The Bankruptcy Judge did not address the issue of adequate protection.

■ The priority of Citicorp's security interest turns upon the legal sufficiency of the financing statement filed with the Suffolk County Clerk.[9] Atlas claims and the Bankruptcy Judge held that the financing statement gave insufficient information as to the identity of the debtor Atlas, the debtor's address, and the type or items of collateral. Section 9–402 of the New York Uniform Commercial Code provides:

A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.

N.Y.U.C.C. § 9–402(1) (McKinney Supp. 1987). The statute further provides:

A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

N.Y.U.C.C. § 9–402(8) (McKinney Supp. 1987).

Atlas claims that the format used to designate Atlas as debtor, " *Atlas Technologies, Inc. Property Only," is misleading because it does not explicitly state that Atlas is a debtor separate from EFCOR Family of Companies and because it appears to describe the property rather than the identity of the debtor. (Atlas Br. at 21–22) The box entitled "Debtor(s)" in the financing statement, however, contains Atlas's full properly spelled corporate name "Atlas Technologies, Inc." *See* N.Y.U.C.C. § 9–402(7) (McKinney Supp.1987) ("A fi-

---

ty interest as a matter of law from the face of the financing statement. (R. 27 at 7, 12, 13)

8. Section 363(a) defines "cash collateral" as:
cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, off-spring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a)

9. A security interest, such as Citicorp's interest in Atlas's accounts, is created under N.Y.U.C.C. § 9–203 (McKinney Supp.1987) but must be perfected through filing to be given priority over the interests of other creditors. N.Y.U.C.C. §§ 9–302, 9–401, 9–403 (McKinney Supp.1987). Under N.Y.U.C.C. § 9–301 (McKinney Supp. 1987), lien creditors are given priority over unperfected secured creditors. A bankruptcy trustee (or debtor in possession such as Atlas) has the rights of a judicial lien creditor under § 544 of the Bankruptcy Code. 11 U.S.C. §§ 544(a)(1) & 1107.

nancing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor....") The financing statement filed here thus contrasts sharply with financing statements held insufficient because the debtor's name was misspelled or illegible, *e.g., Reisdorf Bros. Inc. v. Clinton Corn Processing Co.,* 516 N.Y.S.2d 375 (App.Div. 4th Dep't 1987); *John Deere Co. v. William C. Pahl Construction Co.,* 34 A.D.2d 85, 310 N.Y.S.2d 945 (4th Dep't 1970), or the debtor identified by its trade name rather than its corporate name, *e.g., In re Leichter,* 471 F.2d 785 (2d Cir.1972); *In re Centennial Industries, Inc.,* 3 B.R. 416 (Bankr.S.D.N.Y.1980).

The financing statement also indicates that the collateral is "Atlas Technologies, Inc. Property" and that Atlas is thus a debtor.[10] Even if, as Atlas seems to argue, the financing statement implies that Atlas owns the collateral while EFCOR Family of Companies is the obligor under the underlying security agreement, Atlas would nevertheless be a debtor under N.Y.U.C.C. § 9–105(1)(d) (McKinney Supp.1987) ("Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the Article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires"). *See White Star Distributors, Inc. v. Kennedy,* 66 A.D.2d 1011, 411 N.Y. S.2d 751, 752 (4th Dep't 1978) (applying § 9–105(1)(d) to § 9–402(1)). The County Clerk, when presented with Citicorp's financing statement, should have indexed the statement under both "EFCOR Family of Companies" and "Atlas Technologies, Inc."

The financing statement contains Scranton and East Farmingdale addresses for

Atlas. Atlas argues that the Scranton address given in the box for "Debtor(s) ... and Address(es)" appears to be EFCOR's address (Atlas Br. at 23) but does not dispute that Atlas's manufacturing facilities are located at the Scranton address. (R. 24 ¶¶ 3, 4; R. 27 at 17) Section 9–402 of the U.C.C. simply requires that the financing statement list a "mailing address" for the debtor and does not require that the address be that of the head office. Anderson, 9 *Uniform Commercial Code* § 9–402:17, 9–402:26 (1985). Moreover, the financing statement lists a second address in East Farmingdale, New York for the location of the collateral. This is the address of the facilities which Atlas contends constitute its chief executive office and which Atlas has identified as its "mailing address." (R. 1 at 1) The financing statement thus clearly supplies an address of the debtor where further inquiry could be made.[11]

Finally, Atlas maintains that the financing statement's description of collateral is inadequate. (Atlas Br. at 23–24) The financing statement and its rider, however, clearly describe Atlas's inventory and accounts receivable which may be held by EFCOR Family of Companies in East Farmingdale. N.Y.U.C.C. § 9–110 (McKinney 1964) (description of collateral is sufficient "whether or not it is specific if it reasonably identifies what is described.") A financing statement is a notice filing intended to alert a potential creditor to the possibility of a pre-existing security interest. It is not intended to be an all-inclusive description of the underlying debt and security arrangements. *In re Excel Stores, Inc.,* 341 F.2d 961, 963 (2d Cir.1965) (§ 9–402 requires "the filing of a simple notice the purpose of which is only to 'give

---

**10.** The rider attached to the financing statement clearly indicates that Atlas is a debtor. The rider expressly states that Atlas is the owner of the collateral and that EFCOR Family of Companies acts solely as agent for Atlas. In addition, the signature line of the financing statement indicates that it is being signed on behalf of both EFCOR Family of Companies and Atlas Technologies, Inc.

**11.** Moreover, Atlas has not disputed the sufficiency of Citicorp's address in the financing statement "from which information concerning the security interest may be obtained" by a potential creditor. N.Y.U.C.C. § 9–402(1) (McKinney Supp.1987); *In re Fowler,* 407 F.Supp. 799, 805–06 (W.D.Okla.1975) (omission of or defect in debtor's address not necessarily fatal when further inquiry may be made of creditor).

the minimum information necessary to put any searcher on inquiry'"); Anderson, 9 *Uniform Commercial Code* § 9–402:6 (1985).

*The Clerk's Failure to Cross-Index*

▆▆ The Bankruptcy Judge also held that "Citicorp failed to establish that a search of the records in the County Clerk's Office, County of Suffolk, State of New York, against Atlas on August 5, 1987 would locate the EFCOR Financing Statement." The Court thus erroneously considered whether the County Clerk actually indexed Citicorp's financing statement under Atlas's name. Section 9–403(1) N.Y.U. C.C. (McKinney Supp.1987), however, provides that "Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this Article." A security interest is thus perfected upon filing of a sufficient financing statement in the appropriate office. The secured party should not be penalized because the filing officer failed to index the financing statement properly. *In re Fowler*, 407 F.Supp. 799 (W.D.Okla.1975) (financing statement listing three debtors indexed under only one name); *In re Door Supply Center, Inc.*, 3 B.R. 103 (Bankr.D. Idaho 1980) (Secretary of State failed to cross-reference financing statement under each of the listed debtors). As stated in the Official Comment to § 9–407, "[U]nder Section 9–403(1) the secured party does not bear the risk that the filing officer will not properly perform his duties ..." *Accord In re May Lee Industries, Inc.*, 380 F.Supp. 1, 3 (S.D.N.Y.), *aff'd*, 501 F.2d 1407 (2d Cir.1974); *Chemical Bank v. Barron*, 663 F.Supp. 367, 369 (S.D.N.Y.1987); Anderson, 9 *Uniform Commercial Code* §§ 9–402:13, 9–403:6 (1985).

Only if the financing statement is so misleading that it would cause the filing officer to misfile the statement would the security interest remain unperfected. In the instant case, the financing statement was not misleading and Citicorp did not bear the risk that the Suffolk County Clerk would neglect to cross-index the filing. Therefore, the Bankruptcy Judge in his

Order of August 14, 1987, clearly erred in holding that Citicorp failed to meet its burden in proving the validity, priority, or extent of its security interest in Atlas's accounts.

*Conclusion*

The Court's August 14, 1987 order, insofar as it ordered that "Atlas had the right to use the accounts and cash proceeds thereof in the ordinary course of business," is reversed. The case is remanded for consideration of whether Atlas can provide Citicorp adequate protection if Atlas is allowed to use Citicorp's cash collateral.

SO ORDERED.