**In re Ann Marie WILLIAMS, a/k/a White Pine Pharmacy, Debtor.**

**Mary C. WALKER, Trustee, Plaintiff,**

v.

**TENNESSEE STATE BANK, Defendant.**

Bankruptcy No. 3–88–00113.
Adv. No. 3–89–0130.

United States Bankruptcy Court,
E.D. Tennessee.

March 13, 1990.

Mary C. Walker, Knoxville, Tenn., for plaintiff/trustee.

Jerry M. Martin, Knoxville, Tenn., for defendant.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

The trustee, acting as a hypothetical lien creditor under the provisions of 11 U.S.C.A. § 544(a)(1) (West Supp.1989), seeks to avoid the lien of Tennessee State Bank in certain of debtor's inventory. The trustee contends the bank's security interest in the inventory was not perfected because the bank filed a defective financing statement. The bank contends the information provided in the financing statement was sufficient to perfect its security interest. The

---

case is presently before the court upon cross motions for summary judgment. This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West Supp.1989).

## I.

The facts are undisputed. On March 5, 1984, Tennessee State Bank filed a financing statement with the Tennessee Secretary of State to perfect its security interest in certain assets including inventory belonging to Jabo's # 2 Drugstore, White Pine, Tennessee. The debtor, Ann Marie Williams, operated Jabo's # 2 Drugstore as a sole proprietorship.

The financing statement filed by the bank has a block for listing the name of the debtor(s). Under the printed words "1.Debtor(s) (Last Name First) and address" located at the top of the block are listed the following:

Williams, J. Malone and

Williams, Ann Marie

DBA Jabo's Pharmacy # 2

White Pine Shopping Center

White Pine, Tennessee 37890

The signatures of both J. Malone Williams and Ann Marie Williams appear on the financing statement as debtors.

The filing officer for the state of Tennessee indexed the financing statement only in the name of the first debtor listed, Williams, J. Malone. Tennessee State Bank was not notified or aware that the financing statement was not also indexed under the name Williams, Ann Marie.

The debtor, Ann Marie Williams, filed her chapter 7 bankruptcy petition in this court on January 19, 1988. The plaintiff was appointed trustee in the case. The trustee has sold the inventory and other assets of Jabo's Pharmacy # 2 with lien rights attaching to the proceeds of the sale.

## II.

The issue in this case is whether the financing statement filed by Tennessee State Bank was sufficient to perfect its security interest in the debtor's inventory located at Jabo's Pharmacy # 2. Because the financing statement at issue was filed on March 5, 1984, the court must ascertain whether it met the requirements of Tennessee law applicable at that time.

The 1962 version of § 9–402 of the Uniform Commercial Code (the "UCC"), enacted at Tennessee Code Annotated § 47-9-402, sets forth the formal requisites of a financing statement as follows:

(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.

Tenn.Code Ann. § 47-9-402 (1979) (amended 1986).

Although § 47-9-402 did not require a listing of the debtor's name in addition to the debtor's signature, the presence of the proper name of the debtor was implicit in the address requirements, the model financing statement, *see* Tenn.Code Ann. § 47-9-402(3) (1979) (amended 1986), and the duties of the filing officer which required the officer to index the financing statement under the debtor's name, *see* Tenn.Code Ann. § 47-9-403(4) (1979) (amended 1986). *Bell v. Ameritrust Co. (In re Moore)*, 21 B.R. 898, 900 n. 6 (Bankr. E.D.Tenn.1982); *see also Arra v. First Federal Savings & Loan Ass'n, (In re James Wells Enters.)*, 21 U.C.C.Rep.Serv. (Callaghan) 900 (Bankr.M.D.Fla.1977); 2 J. White & R. Summers, *Uniform Commercial Code*, § 24–18, at 370 (3d ed. 1988).

The financing statement in this case does list the name of the debtor, Ann Marie Williams, and it does contain her signature. The question is whether the inclusion of another name as a listed debtor renders the financing statement defective so as to deprive the bank of a perfected security interest in the inventory of Jabo's Pharmacy # 2.

In *Brown v. Belarus Machinery (In re Service Lawn & Power)*, 83 B.R. 515 (Bankr.E.D.Tenn.1988), this court was faced with a financing statement which improperly listed the name of the corporate

debtor, Service Lawn & Power, Inc., as follows:

Weir, Charles F. and
Weir, Marqueta Joann
d/b/a Service Lawn & Power, Inc.
1021 Decatur Pike
Athens, Tennessee 37303

The filing officer indexed the financing statement only under the name of the purported debtor Charles F. Weir. Because Service Lawn & Power, Inc. was designated as a trade name of the named individuals, Charles F. Weir and Marqueta Joann Weir, the court concluded such designation was seriously misleading. *Id.* at 521. The filing officer could not have been reasonably expected to know the true debtor was the corporation, Service Lawn & Power, Inc., rather than merely the trade name under which two individual debtors were doing business.

In *Belarus Machinery*, the court noted the filing officer failed to index the financing statement under the name of the other purported debtor, Marqueta Joann Weir. *Id.* at 520 n. 7. In footnote 7 of the opinion, the court said, "[f]or purposes of the decision here, the court need not consider whether the filing officer erred in failing to index the financing statement in the name of the other purported debtor, Marqueta Joann Weir." *Id.* In the case, *sub judice,* the court is being called upon to address the question left unanswered in *Belarus Machinery,* i.e., whether the filing officer should have indexed the financing statement here under both the names listed as debtors in the financing statement. If the answer to the question is "yes," then the financing statement in this case was sufficient to perfect the bank's security interest. This is so because of the application of Tennessee Code Annotated § 47–9–402(5) (1979) (current version at § 47–9–402(8)), which reads:

(5) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

*Id.*

■ If the filing officer should have indexed the financing statement under the name Ann Marie Williams, the second listed debtor, then the mistake in listing J. Malone Williams as debtor would not be seriously misleading since the mistake should have only caused a superfluous indexing under the name J. Malone Williams. *See Barton v. ITT Diversified Credit Corp. (In re Skinner),* 22 U.C.C. Rep. Serv. (Callaghan) 1286 (Bankr.W.D.Mich.1977) (inclusion of debtor's wife's name in box reserved for name of debtor was mere surplusage). A failure on the part of the filing officer to index an otherwise properly executed and filed financing statement is a mistake by the filing officer, not the secured creditor. When the filing officer makes the mistake in indexing a financing statement, the secured creditor, who has filed the financing statement that substantially complies with the statutory requirements and that is not seriously misleading, is not penalized. *See Multi–Mart Branch Office, First State Bank v. Appliance Buyers Credit Corp. (In re Bufkin Bros., Inc.),* 757 F.2d 1573 (5th Cir.1985); *In re Royal Electrotype Corp.,* 485 F.2d 394 (3d Cir.1973); *In re Atlas Technologies,* 78 B.R. 394 (E.D.N.Y.1987); *McMillin v. First Nat'l Bank & Trust Co. (In re Fowler),* 407 F.Supp. 799 (W.D.Okla.1975); *In re May Lee Indus.,* 380 F.Supp. 1 (S.D.N.Y.), *aff'd,* 501 F.2d 1407 (2d Cir.1974); *Graphics Plus Assocs. v. United States Small Business Admin. (In re Graphics Plus Assocs.),* 94 B.R. 68 (Bankr.W.D.Pa.1988); *Sweney v. Cardinal Doors (In re Door Supply Center),* 3 B.R. 103 (Bankr.D.Idaho 1980). This conclusion stems from a consideration of the requirements for filing a financing statement and the duties of the filing officer. Tennessee Code Annotated § 47–9–403(1) (1979) (amended 1986) provides:

(1) Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this chapter.

*Id.*

Once the financing statement is filed, it is the responsibility of the filing officer to

properly index it. Tennessee Code Annotated § 47–9–403(4) provides:

> (4) A filing officer shall mark each statement with consecutive file number and with the date and hour of filing (or where microfilm, photocopy and other approved permanent methods of recordation are in use, the same may be so recorded) and shall hold the statement (or record) for public inspection. In addition the filing officer shall index the statements according to the name of the debtor and shall note in the index the file number and the address of the debtor given in the statement.

Tenn.Code Ann. § 47–9–403(4) (1979) (amended 1986). The comments accompanying Tennessee Code Annotated § 47–9–407 refer to § 9–403(1) and provide in part:

> [U]nder Section 9–403(1) the secured party does not bear the risk that the filing officer will not properly perform his duties: under that Section the secured party has complied with the filing requirements when he presents his financing statement for filing and the filing fee has been tendered or the statement accepted by the filing officer.

Tenn.Code Ann. § 47–9–407 comment 1 (1979).

▮ Nothing in the 1962 version of the UCC mandates a finding that a financing statement could only list one debtor or that the filing officer should index a financing statement only under the name of the first debtor listed. Although the applicable UCC sections governing financing statements repeatedly refer to "debtor" in the singular, the general provisions of the UCC provide, *see* Tenn.Code Ann. § 47–1–102(5)(a) (1979), that "unless the context otherwise requires ... words in the singular number include the plural." *Id.* The context of UCC sections pertaining to financing statements does not require that "debtor" be limited to a singular application.

*In Belarus Machinery,* the court noted that according to a representative of the Secretary of State's office, on August 22, 1986, the state filing office began rejecting financing statements listing multiple debtors. Upon rejection, the filing party is notified that along with submission of an additional fee for each statement, separate financing statements must be filed for each debtor in order to obtain indexing under each debtor's name. *See Brown v. Belarus Machinery (In re Service Lawn & Power),* 83 B.R. at 516 n. 2. Assuming the state's policy of rejecting financing statements listing multiple debtors is still in place, it was not in place at the time the financing statement at issue was filed. The defendant received no notice that its financing statement would not be filed in the names of all debtors listed on the face of the financing statement. Insofar as the defendant knew, it had complied with the statutory requirements for filing a financing statement and that the financing statement would be properly indexed under the names of the debtors listed. The failure of the filing officer to index the defendant's financing statement under the name of the debtor was a mistake by the filing officer which should not lead to the avoidance of the defendant's lien.

In *In re Smith,* 10 U.C.C.Rep.Serv. (Callaghan) 730 (Bankr.W.D.Okla.1971), the bankruptcy court, construing provisions of the 1962 version of the UCC enacted in Oklahoma, concluded the effectiveness of an otherwise properly filed financing statement was not vitiated by the failure of the filing officer to index one of the two designated debtor parties listed on the statement. Similarly, in *McMillin v. First National Bank & Trust Co. (In re Fowler),* 407 F.Supp. 799 (W.D.Okla.1975), the district court, also construing applicable provisions of the UCC, refused to invalidate financing statements listing several debtors' names, stating instead the filing officer should have indexed the financing statements under each of the names listed. *Id.* at 804.

Because the filing officer in this case did not reject the financing statement filed by the defendant, and because the financing statement should have been indexed by the filing officer under the names listed as debtors on the financing statement, the

court concludes the financing statement in this case was sufficient to satisfy the filing requirements under the Code. Consequently, the trustee will not be allowed to avoid the defendant's lien.

An order will enter granting summary judgment to the defendant.